Rebecca L. Matthews (CA Bar No. 238040)
Jordan S. Blask (OH Bar No. 0091897) *Pro Hac Vice*
Sloane B. O'Donnell (MD Bar No. 1912050013) *Pro Hac Vice*
Bryan Sisto (KY Bar No. 0098402) *Pro Hac Vice*

**FBT GIBBONS LLP**
235 Pine Street, Suite 2300
San Francisco, California 94101
Telephone: (412) 513-4300
Facsimile: (412) 513-4299

*Special Litigation Counsel for Chapter 7 Trustee, Sarah L. Little*

FBT GIBBONS LLP
SAN FRANCISCO

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

In re:

Eaze Technologies, Inc.

Debtor.

Case No. 25-30219-HLB

Chapter 7

**MOTION TO COMPEL TURNOVER AND PRODUCTION FROM CORY AZZALINO AND ENTITIES UNDER HIS CONTROL**

**TO THE HONORABLE HANNAH L. BLUMENSTIEL, UNITED STATES BANKRUPTCY JUDGE:**

Sarah L. Little, Chapter 7 Trustee for Eaze Technologies, Inc. (the "Movant" or the "Trustee"), by and through her undersigned Special Litigation Counsel, FBT Gibbons, LLP, [1] successor by merger to Frost Brown Todd LLP, files this motion (the "Motion") pursuant to sections 542(a) and 542(e) of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules"), seeking entry of an order compelling (i) the Debtor, Eaze Technologies, Inc. ("Eaze I" or "Debtor"), (ii) Eaze, Inc. ("Eaze II"), and (iii) Cory Azzalino to (a) turn over the Debtor's property to the Trustee under section 542(a), (b) turn over records relating to the Debtor's property or

---

[1] On or about July 3, 2025, the Trustee filed an Application for an Order Authorizing the Employment and Retention of Frost Brown Todd LLP as Special Litigation Counsel [Docket No. 17] (the "FBT Retention Application"), which was approved by this Court on August 22, 2025 [Docket No. 35] (the "FBT Retention Order"). On January 1, 2026, via merger, Frost Brown Todd LLP became known as FBT Gibbons LLP.

financial affairs under section 542(e), and (c) produce documents pursuant to the 2004 Orders (defined below).

This Motion is being filed just short of the one-year anniversary of this bankruptcy case, and the Trustee is still without significant portions of the records of the Debtor. The Trustee needs the Debtor's records to investigate a multitude of questionable transactions and business practices by numerous individuals and organizations to return value to creditors, and also to do basic administration of the estate such as evaluating proofs of claim and handling tax issues. The Trustee has engaged in extended, good-faith negotiations with Eaze I, Eaze II, and Mr. Azzalino, but thus far has been met with resistance, gamesmanship, and questionable legal maneuvers instead of the simple turnover and/or production of documents and records that the Trustee must have to do her job.

One key characteristic of this case that has created extraordinary challenges to the Trustee's efforts to secure the Debtor's records is the fact that Mr. Azzalino wears three hats: (1) his status as an individual, (2) his capacity as the former CEO of Eaze I who made the decision to file this bankruptcy case, and (3) his current job as the CEO of Eaze II. The three versions of Mr. Azzalino have taken contradictory positions over who controls the Debtor's records for turnover purposes and/or who should be responsible for responding to the 2004 Requests. Depending on which hat Mr. Azzalino is wearing at any given time, one or more of section 542(a), section 542(e), and/or Rule 2004 may be the most appropriate procedural mechanism for the Trustee's requests, but the various forms of Mr. Azzalino have used these hyper-technical issues as a pretext to attempt to create confusion; the obligations, however, are simple, regardless of which version of Mr. Azzalino is responding (or, more accurately, seeking to avoid responding)—all of the documents or records need to be turned over or produced.

After months of slow, tedious, and wasteful negotiations, when progress on obtaining documents and records finally appeared imminent, the Eaze II version of Mr. Azzalino filed a motion to dismiss this case on the same day as a deadline to turn over and/or produce documents, alleging a

FBT GIBBONS LLP
SAN FRANCISCO

theory that, if applicable, could have been alleged one year ago before the Trustee and her counsel spent hundreds of hours working on this case. Notably, the theory of Mr. Azzalino's Eaze II is that Eaze I's bankruptcy filing was illegal because, among other things, Eaze I "systematically violated federal criminal laws." Further, Eaze II suggested that Eaze I manipulated its bankruptcy petition with its "superficial absence of cannabis references in Debtor's petition." Of course, Eaze I's bankruptcy was authorized and signed by its former Chief Executive Officer, Cory Azzalino.

Eaze II also filed a motion to stay discovery on the day that its Rule 2004 responses were due (after multiple extensions). This motion to stay is set for hearing on April 13, 2026, but Eaze II has apparently determined that to unilaterally treat discovery as stayed, as they failed to respond to the Rule 2004 requests by the extended deadline, thus requiring the filing of this Motion.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND[2]

4. On March 21, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for chapter 7 bankruptcy relief in the above-captioned case. Mr. Azzalino signed the petition on behalf of Eaze I as its Chief Executive Officer.

5. Prior to the Petition Date, the Debtor's senior secured lender, in coordination with certain insiders, conducted a sale of substantially all the Debtor's assets pursuant to Article 9 of the Uniform Commercial Code (the "Article 9 Sale"). The events preceding and following the Article 9 Sale, including the way the sale was conducted, give rise to potential claims that the Estate and its creditors may have against the Debtor's insiders and against the successor entity, Eaze, Inc., which

---

[2] The Facts here are supported by the attached *Declaration of Sarah L. Little Concerning Motion to Compel Turnover and Production from Cory Azzalino and Entities Under His Control.*

MOTION TO COMPEL TURNOVER AND PRODUCTION FROM CORY AZZALINO AND ENTITIES UNDER HIS CONTROL

FBT GIBBONS LLP
SAN FRANCISCO

was formed by the senior secured lender and/or its owners.

6.      Since the Petition Date, the Trustee has been unable to obtain significant records from the Debtor, not only to conduct investigation into claims and causes of action on behalf of the estate and for the benefit of its creditors, but also to simply prepare to administer the estate.

7.      On March 4, 2026, the Eaze I, fifty weeks after the Petition Date, through Mr. Azzalino, verified that Eaze I had not been in possession of a substantial portion of its records since before the Petition Date (the "Verification", Exhibit B to the Little Declaration). In the Verification, in his "capacity as a director of [Eaze I]", Mr. Azzalino stated that "Substantially all of the Debtor's assets, including its electronic systems, servers, and business records, were transferred prepetition to Eaze [II] in connection with the Article 9 foreclosure sale on August 6, 2024. The Debtor no longer maintains offices, employees, servers, or document storage systems." This information, of course, could and should have been provided by Mr. Azzalino on or shortly after the Petition Date, not nearly one year later. This Motion discusses the Verification out of chronological order to contextualize the events as it moves forward to the past.

8.      Eaze II received a turnover demand letter from the Trustee on September 10, 2025, requesting that Eaze II turn over property of Eaze I pursuant to section 542(a) or records concerning Eaze's property or finances pursuant to section 542(e) (the "Turnover Demand", Exhibit A to the Little Declaration). The Trustee now understands that Eaze II, also controlled by Mr. Azzalino, was in possession of a substantial portion of Eaze I's records at the time of the Turnover Demand. To date, Eaze II has not provided one scrap of paper or one byte of data to the Trustee.

9.      Having received nothing in response to the Turnover Demand and unsure at the time whether Eaze II (or anyone else) possessed the records of the Debtor, in early January the Trustee opted to file motions under Rule 2004 (the "2004 Motions", Docs. No. 41, 45, 51) to cover the various Cory Azzalino parties (Eaze I, Eaze II, and Mr. Azzalino personally) that might have the Debtor's records, to ensure that whichever party had the records, it could turn them over and/or produce them.

4
MOTION TO COMPEL TURNOVER AND PRODUCTION FROM CORY AZZALINO AND ENTITIES UNDER HIS CONTROL

FBT GIBBONS LLP
SAN FRANCISCO

The 2004 Motions also make other relevant requests from Eaze II and Mr. Azzalino personally that are not duplicative of the Turnover Demand.

10. The Court granted the 2004 Motions at Docs. No. 46, 50, and 52 (the "2004 Orders"). The deadline for Eaze I to comply with its 2004 Order was January 9, 2026, the deadline for Eaze II to comply with its 2004 Order was January 26, 2026, and the deadline for Mr. Azzalino to comply with his 2004 Order was by January 22, 2026 "or by some other time mutually agreeable by the Parties." To date, nothing has been turned over to the Trustee pursuant to any of the 2004 Orders.

11. During the past two months, counsel for Eaze I, Eaze II, and Mr. Azzalino personally, respectively, have provided various inconsistent explanations to counsel for the Trustee about the whereabouts of the records at issue: that the Debtor still has at least some of the records, that Mr. Azzalino may have the records personally but would need to be compensated to turn them over and/or produce them, or that Eaze II actually has the records. Counsel has also suggested at times that since Eaze II "bought" the records, they are no longer property of the estate and subject to turnover, or that the attorney-client privilege of Eaze I was "purchased" and therefore no longer under the control of the Trustee.

12. The Trustee cannot necessarily impute any _intention_ on the part of counsel for the various hats worn by Mr. Azzalino to create a general state of confusion surrounding which of the entities controlled by Mr. Azzalino or Mr. Azzalino personally has the records and is able to turn them over and/or produce them. But they have indeed created a state of confusion.

13. Finally, Mr. Azzalino provided the Verification to the Trustee, resulting in some clarity at which party controlled by Mr. Azzalino should be turning over the records. This seemed to produce some clarity that Eaze I would not be turning over records, Mr. Azzalino would only need to respond to the 2004 Orders to the extent it concerned information relevant to him in that capacity, and that Eaze II would be turning over the Debtor's records and responding to its 2004 Order.

14. Concurrent with the talks concerning the Debtor's records and the other requests in the

MOTION TO COMPEL TURNOVER AND PRODUCTION FROM CORY AZZALINO AND ENTITIES UNDER HIS CONTROL

2004 Orders, the Trustee had scheduled dates for the 2004 oral examinations of Eaze I (with Mr. Azzalino as representative), Eaze II (with Mr. Azzalino as representative), Mr. Azzalino personally, and also discussions to schedule the 2004 oral examination of Trey Handley, the former CFO of Eaze I and current CFO of Eaze II.

15. The Trustee expected to begin receiving turnover and/or production from Eaze II and Mr. Azzalino on March 13, 2026. Instead, Eaze II filed a Motion to Dismiss this bankruptcy case, alleging that the case should be dismissed because, among other things, the case had been filed illegally, it was illegal for the trustee to administer the case, and that certain creditors had been litigating against the Debtor prepetition (the "Motion to Dismiss", Doc No. 76).[34]

16. The Trustee will be responding to the Motion to Dismiss in full in the near future, but for the purposes of this Motion will simply state that the audacity of the Motion to Dismiss is breathtaking. Mr. Azzalino, as CEO of Eaze II believes that he, Mr. Azzalino as CEO of Eaze I, illegally filed the chapter 7 case and that now that Eaze II and Mr. Azzalino personally are being investigated, it needs to be dismissed. Mr. Azzalino, in all of his capacities, and all of his attorneys, are all acutely aware that the Trustee and her counsel have spent several hundreds of hours investigating the financial dealings of Eaze I and attempting to obtain its records so that the Trustee can do her job. The Trustee did not ask Mr. Azzalino to authorize Eaze I's bankruptcy filing, she was randomly assigned to work the case and fulfill her statutory duties. At least one of the versions of Mr. Azzalino must turn over the Debtor's records, and each of the versions of Mr. Azzalino must produce documents and sit for examinations pursuant to Rule 2004. Mr. Azzalino must not be allowed to have wasted hundreds of hours of work and time for the parties invested in this case, and to make a mockery

---

[3] Concurrent with the Motion to Dismiss, Eaze II filed motion to stay discovery pending the ruling on the motion to dismiss, and a motion to shorten the notice period on the motion to stay discovery. The Court denied the motion to shorten notice period about two hours after it was filed.

[4] The docket entries for the Motion to Dismiss and related pleadings reflect that the papers were filed by Eaze I, the Debtor, but it appears that was an inadvertent selection in the CM/ECF by counsel for Eaze II, and that the papers were actually filed on behalf of Eaze II. The Trustee understands why counsel might be confused.

6
MOTION TO COMPEL TURNOVER AND PRODUCTION FROM CORY AZZALINO AND ENTITIES UNDER HIS CONTROL

FBT GIBBONS LLP
SAN FRANCISCO

of this Court and the Bankruptcy Code.

## RELIEF REQUESTED

17. By this Motion, the Trustee respectfully requests that this Court enter an Order compelling Mr. Azzalino personally to turn over the Debtor's records pursuant to section 542(a) and/or section 542(e), and to direct the entities under his control to turn over the Debtor's records. The Trustee also respectfully requests that the Court enter an Order requiring Eaze II and Mr. Azzalino personally to fully produce documents pursuant to the 2004 Orders.

## BASIS FOR RELIEF

### Turnover

18. Bankruptcy Code Section 542(a) requires that "any entity" shall turn over property of the bankruptcy estate to the case trustee. Bankruptcy Code Section 542(e) states in full that "Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." Bankruptcy Code Section 541 governs what is property to the estate and what is subject to section 542 turnover, and courts in this circuit have held that "even attorney notes and research memoranda that were prepared in representing [a debtor] are property of the estate." *In re Fresh Mix LLC*, 2023 WL 6964726, at *6 (Bankr. D. Nev. Oct. 20, 2023).

19. Regardless of whether (a) the Debtor's records are "property of the estate" and should be turned over pursuant to 542(a) or (b) given their transfer to Eaze II, they are no longer property of the estate and instead should be turned over to the Trustee as recorded information related to the Debtor's property and financial affairs, the records are under the control of Mr. Azzalino or one of the entities controlled by Mr. Azzalino, and must be turned over to the Trustee. The games must end.

20. Further, the Supreme Court of the United States has held that bankruptcy trustees inherit the debtor's attorney-client privilege. *Commodity Futures Trading Comm'n v. Weintraub*, 471

Case: 25-30219 Doc# 89 Filed: 03/16/26 Entered: 03/16/26 17:22:12 Page 7 of 9

FBT GIBBONS LLP
SAN FRANCISCO

U.S. 343, 343, 105 S. Ct. 1986, 1988, 85 L. Ed. 2d 372 (1985) ("[t]he trustee of a corporation in bankruptcy has the power to waive the corporation's attorney-client privilege with respect to prebankruptcy communications."). This precedent is as noncontroversial as it is longstanding.

21. It does not matter who possesses the records at issue—the Trustee controls the privilege associated with the records, and no communications between Eaze I and its attorneys may be withheld from the Trustee on the basis of privilege. The Trustee now stands in the shoes of the Debtor in all respects as to the Debtor's rights, property, records, and privileges.

### Rule 2004

22. This Court has already entered the 2004 Orders, and those Orders required compliance by dates certain. The original deadlines and any extended deadlines provided by the Trustee for Eaze I, Eaze II, and Cory Azzalino to comply with the 2004 Orders have passed, and no production has been made pursuant to those Orders. Where a Rule 2004 order has been entered and the responding party nonetheless fails without adequate excuse to comply, the Court may enforce compliance through contempt procedures and other civil sanctions. *In re Stasz*, 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008). Accordingly, the Trustee respectfully requests that the Court compel full compliance with the 2004 Orders by March 30, 2026, and retain jurisdiction to impose sanctions in the event of continued noncompliance.

### CONCLUSION

The documents sought through the Turnover Demand and the 2004 Orders must be provided to the Trustee. A thorough review of these documents is critical to the Trustee's investigation described in the FBT Retention Application. Movant respectfully requests that this Court enter an order substantially in the form of the proposed order granting the requested relief herein.

DATED: March 16, 2026

**FBT GIBBONS LLP**

By: */s/ Bryan J. Sisto*  
SLOANE B. O'DONNELL (PRO HAC VICE)

REBECCA L. MATTHEWS
JORDAN S. BLASK (PRO HAC VICE)
BRYAN SISTO (PRO HAC VICE)

*Special Litigation Counsel for the Chapter 7 Trustee, Sarah L. Little*

0160855.0810627   4904-0300-5080v4

FBT GIBBONS LLP
SAN FRANCISCO

Case: 25-30219   Doc# 89   Filed: 03/16/26   Entered: 03/16/26 17:22:12   Page 9 of 9

**MOTION TO COMPEL TURNOVER AND PRODUCTION FROM CORY AZZALINO AND ENTITIES UNDER HIS CONTROL**