ERIC A. NYBERG, ESQ. (Bar No. 131105)
CHRIS D. KUHNER, ESQ. (Bar No. 173291)
**KORNFIELD, NYBERG, BENDES, KUHNER & LITTLE, P.C.**
1970 Broadway, Suite 600
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
Email: e.nyberg@kornfieldlaw.com
Email: c.kuhner@kornfieldlaw.com

Attorneys for Chapter 7 Trustee, Sarah L. Little

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Eaze Technologies Inc.<br><br>Debtor. | Case No. 25-30219-HLB<br><br>Chapter 7 |
| In re<br><br>Stachs LLC,<br><br>Debtor. | Case No. 25-30285-HLB<br><br>Chapter 7<br><br>**MOTION FOR SUBSTANTIVE CONSOLIDATION OF THE BANKRUPTCY ESTATE OF EAZE TECHNOLOGIES, INC. AND STACHS LLC** |
| | Date: November 5, 2026<br>Time: 10:00 a.m.<br>Place: Via Tele/Videoconference and in person<br>United States Bankruptcy Court, Courtroom 19<br>450 Golden Gate Ave. 16th Fl.<br>San Francisco, CA 94102 |

**TO: THE HONORABLE HANNAH L. BLUMENSTIEL, U.S. BANKRUPTCY JUDGE:**

Sarah L. Little, Chapter 7 Trustee for Eaze Technologies, Inc. (the "Eaze Trustee"), by and through undersigned counsel, files this Motion for Substantive Consolidation of the Bankruptcy

Estates of Eaze Technologies, Inc. and Stachs LLC (this "Motion"), seeking entry of an order substantively consolidating the bankruptcy cases and estates of Eaze Technologies, Inc. ("Eaze") and Stachs LLC ("Stachs" and, collectively with Eaze, the "Debtors") for all purposes. In support of this Motion, the Trustee states as follows:

## PRELIMINARY STATEMENT

1. Substantive consolidation is a straightforward remedy in this case. The evidence demonstrates that Eaze and Stachs were operated and presented as one economic enterprise, while their assets, operations, management, financial reporting, and liabilities were deeply intertwined and, in material respects, commingled. The Debtors shared the same principles and the same operations, marketing, and brand teams. Public-facing communications referred to both Debtors as Eaze, and Stachs was separately identified principally when tax, licensing, or legal formalities required it. Investors, vendors, employees, and creditors were encouraged to engage with the Debtors as a unified business. As the Debtors now liquidate and address creditor claims, maintaining a separate Stachs estate would elevate form over economic reality, duplicate administrative expense, and risk inconsistent treatment of creditors. Substantive consolidation is therefore necessary and equitable.

2. Additionally, the Eaze Trustee is engaged in an extensive investigation regarding potential claims of the Eaze bankruptcy estate. See Eaze Docket Nos. 41–57, 67–68, 89, 102–121, and 147. While the investigation is ongoing, potential claims repeatedly concern both Eaze and Stachs. Substantive consolidation is the most equitable and cost-effective means to maximize recovery for creditors of both Debtors, permit the fiduciaries to pursue claims affecting both estates in a coherent manner, and recognize the enterprise the Debtors themselves created and operated.

3. The chapter 7 trustees of both Debtors have agreed to the substantive consolidation of the Debtors' estates and have provided declarations in support of this Motion. The facts contained in this Motion are based on those declarations. See Exhibit A, Declaration of Sarah L. Little, Chapter 7 Trustee of the Eaze estate ("Little Decl."), and Exhibit B, Declaration of Michael G. Kasolas ("Kasolas Decl."), Chapter 7 Trustee of the Stachs estate.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

5. The legal authority for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

***Pre-Bankruptcy Operations***

6. Eaze was a software platform and online marketplace for on-demand cannabis delivery that connected consumers with licensed cannabis dispensaries and products. Little Decl. ¶ 2. In 2020, Eaze expanded beyond being solely an online marketplace into being a vertically integrated and licensed cannabis retail operator. *Id.*

7. Eaze achieved this verticalization through Stachs. Stachs is a wholly owned subsidiary of Eaze formed in 2019 to conduct all of Eaze's "plant-touching" activities, including the launch of Eaze's consumer brands and the operation of cannabis depots. Little Decl. ¶ 3. Eaze caused Stachs to enter into a series of master services agreements (each, an "MSA") with retail commercial cannabis licensees. *Id.* Eaze also caused Stachs to obtain a 49% interest in Hometown Heart, Inc., a California corporation, which held two retail commercial cannabis licenses. *Id.* Eaze sought out these transactions and controlled all material aspects of the transactions, even though Stachs is the signatory party on paper. *Id.*

8. The structure placed licensed, plant-touching activities in Stachs and the applicable licensees while Eaze exercised substantial operational and financial control. Little Decl. ¶ 3.

9. However, Eaze did not distinguish between Eaze and Stachs in its communications to investors and the media. Little Decl. ¶ 4. In multiple presentations given to potential investors in 2020, Eaze discussed its verticalization and stated it had transitioned 90% of depot operations to Eaze's direct management without mentioning Stachs. *Id.* Additionally, in Eaze's Series D Funding Press Release, Eaze stated that it had acquired rights to Hometown Heart's retail license and

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612


Case: 25-30219 Doc# 175 Filed: 09/15/26 Entered: 09/15/26 14:48:16 Page 3 of 10

obtained oversight of operations without mentioning Stachs. *Id.*

10. Eaze and Stachs functioned as the same entity. Little Decl. ¶ 5. Cory Azzalino was the chief executive officer, and Francis Handley III was the chief financial officer of both Eaze and Stachs. *Id.* Before Cory Azzalino, Rogelio Choy was the chief executive officer of both Eaze and Stachs. *Id.* Eaze's board of directors regularly discussed issues relating to Stachs and the operations and finances of the depots at board meetings. *Id.* The principals of Eaze made all decisions regarding Stachs and the depots. *Id.* Further, after Eaze's transition to verticalization, board discussions and investor updates on Eaze's financial status always included Stachs's income statements and often did not distinguish between Eaze and Stachs. *Id.*

11. The Eaze and Stachs bankruptcy filings were both precipitated by the same foreclosure. Little Decl. ¶ 6. FoundersJT LLC foreclosed upon that certain Note Purchase and Security Agreement dated as of August 17, 2022 by and between FoundersJT LLC and Eaze and its subsidiaries (the "<u>Note</u>"). *Id.* At the foreclosure sale on August 6, 2024, FoundersJT LLC purchased via credit bid the collateral encumbered by the Note (the "<u>Collateral</u>"), including all of the assets of Eaze and Stachs, and subsequently transferred the Collateral to Eaze Inc. *Id.*

12. Eaze Inc. continues to operate the former businesses of Eaze and Stachs. Cory Azzalino is the chief executive officer, and Francis Handley III is the chief financial officer of Eaze Inc. Little Decl. ¶ 7.

***<u>Bankruptcy Filings</u>***

13. On March 21, 2025 (the "<u>Eaze Petition Date</u>"), Eaze filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "<u>Eaze Petition</u>"). [Eaze Docket No. 1]. On April 11, 2025 (the "<u>Stachs Petition Date</u>"), Stachs filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "<u>Stachs Petition</u>" and, collectively with the <u>Eaze Petition</u>, the "<u>Petitions</u>"). [Stachs Docket No. 1].

14. Both Petitions list 2800 3rd Street, Suite 201, San Francisco, CA 94107 as the Debtors' principal place of business. [Eaze Docket No. 1; Stachs Docket No. 1]. Both Petitions are executed by Cory Azzalino as chief executive officer and authorized representative of the Debtors.


KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

[Eaze Docket No. 1; Stachs Docket No. 1].

15. On page 3 of the Stachs Petition, Stachs identifies Eaze as a parent company with a pending bankruptcy case and identifies Eaze's case number as 25-30219. [Stachs Docket No. 1]. Schedule H of the Stachs Petition lists Eaze as a codebtor on debts owed to twenty-eight different creditors. [Stachs Docket No. 1]. Schedule H of the Eaze Petition lists Stachs as a codebtor on debts owed to thirty-three different creditors. [Eaze Docket No. 1].

16. Part 3 of both Debtors' Statements of Financial Affairs lists seven pending legal actions in which Eaze and Stachs are codefendants, including *Miguel Atencio, et al. v. Stachs, LLC, Eaze Technologies, Inc.* (CGC-21-594467 and CGC-21-594434), a Private Attorneys General Act action and class action pending in the Superior Court of California. [Eaze Docket No. 1; Stachs Docket No. 1].

17. Part 7 of both Debtors' Statements of Financial Affairs identifies a $15,000 payment made to Levene Neale Bender Yoo & Golubchik LLP by Eaze Inc. on behalf of the Debtors for consulting regarding bankruptcy and restructuring. Levene Neale Bender Yoo & Golubchik LLP is bankruptcy counsel to both Debtors. [Eaze Docket No. 1; Stachs Docket No. 1].

18. Part 13 of both Debtors' Statements of Financial Affairs identifies Eaze Inc. as the party in possession of the Debtors' books and records at 2467 Sheridan Boulevard, Suite A, Edgewater, Colorado 80214. [Eaze Docket No. 1; Stachs Docket No. 1]. Part 13 of Stachs' Statement of Financial Affairs identifies Eaze as Stachs' sole member, while Part 13 of Eaze's Statement of Financial Affairs identifies Stachs as a business in which Eaze was an owner, partner, or member. [Eaze Docket No. 1; Stachs Docket No. 1].

19. As of August 26, 2026, twenty-six claims totaling $219,986,962.26 have been filed in the Eaze case, and thirteen unwithdrawn claims totaling $2,802,748.40 have been filed in the Stachs case. Six claims filed in the Stachs case, totaling $1,977,091.52, duplicate claims filed in the Eaze case. Those duplicative claims represent approximately 70.54% of the total unwithdrawn claims filed against Stachs. After removing the duplicated amount, the combined nonduplicative face amount of the claims filed in both cases is $220,812,619.14 (the "Combined Claims Pool").

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

These calculations describe the claims as filed and do not determine the amount, priority, secured status, timeliness, allowance, disallowance, or treatment of any claim. Investor-related claims totaling $215,379,999.89 were filed against Eaze and constitute approximately 97.54% of the Combined Claims Pool. [Eaze Claims Register, Claims 9-1 and 11-1 through 21-1].[1]

20. Seven of the thirteen unwithdrawn claims filed in the Stachs case are employment-related and total $1,897,989.09. Five of those claims, totaling $1,866,867.52, were also filed against Eaze. Thus, approximately 98.36% of the employment-related claims filed against Stachs, by amount, are duplicated in the Eaze case. The two employment-related claims filed only against Stachs total $31,121.57.[2]

## RELIEF REQUESTED

21. The Trustee requests an order substantively consolidating the Eaze and Stachs estates pursuant to the Court's general equitable powers under section 105(a) of the Bankruptcy Code and applicable Ninth Circuit law. Upon substantive consolidation, the Trustee requests that:

a. All assets and liabilities of Eaze and Stachs be combined into a single consolidated estate effective upon entry of the consolidation order, without altering either Debtor's petition date except as expressly provided in the order. Nothing in the consolidation order shall alter either Debtor's petition date or, by itself, determine any statutory lookback, priority, avoidance, limitation, or eligibility period applicable to either Debtor, estate, transfer, or claim.

b. All further proceedings be administered in Case No. 25-30219-HLB;

c. Any proof of claim filed in Case No. 25-30285-HLB be deemed filed in Case No. 25-30219-HLB as of its original filing date and, if timely filed in Case No. 25-30285-

[1] Certain claims characterized as investor claims may be subject to mandatory subordination under 11 U.S.C. § 510(b). The nature and basis of those claims remain under investigation, and the Trustees reserve all rights concerning their allowance, classification, priority, and subordination.

[2] The available information indicates that the Debtors' business operations may have ceased on or about August 6, 2024, in connection with the foreclosure sale. The circumstances and precise date on which each Debtor ceased business operations remain under investigation. The Trustees reserve all rights concerning the priority, allowance, and treatment of employment-related claims, including the application of 11 U.S.C. § 507(a)(4).

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

HLB, be deemed timely filed in Case No. 25-30219-HLB;

d. To the extent proofs of claim filed against both Debtors arise from the same underlying liability, such proofs of claim shall be treated as a single claim for distribution purposes, without determining or affecting the allowance, amount, priority, secured status, timeliness, or ultimate treatment of the underlying claim, and without prejudice to any objection, defense, right, or remedy of either Trustee, either estate, or any creditor.

e. All intercompany claims, receivables, liabilities, and obligations between Eaze and Stachs be eliminated upon the effective date of substantive consolidation;

f. No creditor be required to refile a proof of claim solely as a result of substantive consolidation, and neither the July 8, 2025 claims bar date in the Eaze case nor the July 25, 2025 claims bar date in the Stachs case be extended or reopened by substantive consolidation; and

g. Upon completion of the administrative steps necessary to implement consolidation, the separate Stachs estate cease to exist and the Clerk close Case No. 25-30285-HLB.

A proposed form of order is attached as Exhibit C.

## **BASIS FOR RELIEF**

22. In the Ninth Circuit, bankruptcy courts may substantively consolidate separate but related entities pursuant to section 105(a) of the Bankruptcy Code. See *Alexander v. Compton (In re Bonham)*, 229 F.3d 750, 763 (9th Cir. 2000) ("The bankruptcy court's power of substantive consolidation has been considered part of the bankruptcy court's general equitable powers since the passage of the Bankruptcy Act of 1898."). Substantive consolidation ensures equitable treatment of creditors by combining "the assets and liabilities of separate and distinct—but related—legal entities into a single pool and treat[ing] them as though they belong to a single entity." *Id.* at 764.

23. Substantive consolidation is appropriate where either of the following factors is present: "(1) creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtor are so entangled that

KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612



Case: 25-30219 Doc# 175 Filed: 09/15/26 Entered: 09/15/26 14:48:16 Page 7 of 10

consolidation will benefit all creditors." *Id.* at 766. Only one factor is required, but the record here establishes both.

***The Debtors Operated as a Single Economic Unit***

24. The first factor, often referred to as the "single economic unit" test, can be met when the debtor does not make clear distinctions in conducting the business of different entities, whether intentional or negligent. *In re Clark*, 525 B.R. 107, 128 (Bankr. D. Idaho 2014). This test is also met when creditors are not aware of or do not acknowledge the separateness of the entities at issue. *Id.*

25. Eaze and Stachs held themselves out to creditors as a singular entity and readily satisfy the "single economic unit" test under *Bonham*. As described above, by design the Debtors operated much like divisions of a single enterprise with a common aim rather than separate enterprises with different interests. Little Decl. ¶ 3. Ninety-eight and thirty-six hundredths percent of the value of employment-related claims filed against Stachs was also asserted against Eaze. When soliciting investments, the Debtors made no meaningful attempt to distinguish between Eaze and Stachs and rarely, if ever, mentioned Stachs. Little Decl. ¶ 4. All investor claims, constituting 97.54% of the Combined Claims Pool, were filed against Eaze. The Debtors also had identical organizational leadership, with Cory Azzalino serving as chief executive officer and Francis Handley III serving as chief financial officer of both entities. Little Decl. ¶ 5. Consistent with the Debtors' operation as a single enterprise, 70.54% of the total value of claims filed against Stachs was also asserted against Eaze.

26. The evidence confirms that no meaningful distinction was created between the Debtors in soliciting investments or interacting in the market. The Debtors therefore satisfy the "single economic unit" test applicable in the Ninth Circuit, and their estates should be substantively consolidated.

***The Debtors Are Hopelessly Entangled***

27. The second, "hopeless entanglement" test is satisfied where any of the following circumstances exists: (1) accurate identification and allocation of assets is infeasible; (2) the time and expense required to attempt such identification and allocation would jeopardize the recovery of



KORNFIELD NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

net assets for creditors; or (3) the debtor and related entities operated as alter egos, making it inequitable to treat them as distinct entities. *In re SK Foods, LP*, 499 B.R. 809, 833 (Bankr. E.D. Cal. 2013). Although the Debtors observed some formal separation on paper, Eaze and Stachs operated as alter egos in substance.

28. Because Eaze and Stachs are Delaware entities, Delaware law governs the alter-ego analysis. *See In re RS Air, LLC*, 651 B.R. 538, 546 n.5 (B.A.P. 9th Cir. 2023). Under Delaware law, alter ego requires a showing that the entities "operated as a single economic entity." Id. Relevant considerations include whether the entity was adequately capitalized and solvent; whether dividends were paid, corporate records were kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant owner siphoned funds; and whether the entity functioned as a façade for its dominant owner. *Trans-World Int'l, Inc. v. Smith-Hemion Prods., Inc.*, 972 F. Supp. 1275, 1291–92 (C.D. Cal. 1997). Although actual fraud is not required, an overall element of injustice or unfairness must be present. *In re Hydroxycut Mktg. & Sales Pracs. Litig.*, 810 F. Supp. 2d 1100, 1121–22 (S.D. Cal. 2011)."

29. Here, Eaze controlled Stachs's material business operations, including its cash, staffing, inventory purchasing, receipts, and payment of operating expenses. The Debtors shared ownership and control, officers, an address, custody of books and records, restructuring and bankruptcy counsel, codebtor obligations, pending litigation, and the foreclosure that precipitated both bankruptcy filings. Their financial and investor reporting frequently treated the Debtors as a single enterprise. Requiring separate investigations and claims-administration processes would duplicate professional expense and risk inconsistent treatment of substantially overlapping liabilities. These circumstances demonstrate that the Debtors operated as a single economic entity and that treating them as operationally distinct would produce injustice or unfairness by imposing duplicative administrative expense and risking inconsistent treatment of substantially overlapping liabilities.

***<u>Claims Administration Will Be Fair and Straightforward</u>***

30. Consolidating these estates will reduce administrative expense and promote

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612

efficiency. The Eaze Trustee and her counsel are conducting a thorough investigation into the Debtors' prepetition activities, and duplication of those efforts across both estates would be cumbersome and wasteful.

31. The July 8, 2025 claims bar date in the Eaze case and the July 25, 2025 claims bar date in the Stachs case have expired. It is fair to the entire creditor body that wholly or partially duplicative claims be counted only once against the consolidated estate. All rights of the Eaze Trustee, the Stachs Trustee, and creditors will be preserved with respect to allowance, disallowance, priority, secured status, timeliness, and all other claims-administration issues.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion and enter the proposed order: (i) substantively consolidating the assets and liabilities of the Eaze and Stachs estates effective upon entry of the order; (ii) administering all further proceedings in Case No. 25-30219-HLB; (iii) deeming each proof of claim filed in Case No. 25-30285-HLB filed in Case No. 25-30219-HLB as of its original filing date and preserving its timeliness; (iv) treating duplicative proofs of claim based on the same liability as a single claim for distribution purposes, without allowing any claim or determining amount, priority, secured status, timeliness, or any objection; (v) eliminating intercompany claims and obligations between Eaze and Stachs; (vi) providing that no creditor is required to refile solely because of consolidation and that neither bar date is extended or reopened; (vii) providing that the separate Stachs estate ceases to exist and directing the Clerk, after completing necessary administrative steps, to close Case No. 25-30285-HLB; and (viii) granting such other and further relief as the Court deems just and equitable.

Dated: September 15, 2026

Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.

By: /s/ Eric Nyberg
(Bar No. 131105)
Attorneys for Sarah L. Little, Chapter 7 Trustee of the bankruptcy estate of Eaze Technologies, Inc.

KORNFIELD | NYBERG, BENDES, KUHNER & LITTLE, P.C.
1970 Broadway, Suite 600 Oakland, California 94612